**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ed SULLIVAN, Jr., and Kim Sullivan, Defendants-Appellants.**

**No. 73-2769**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1973.

Joseph S. Chagra, Lee A. Chagra, El Paso, Tex., for defendants-appellants.

William Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Defendants were convicted for knowingly and intentionally conspiring to import marijuana from Mexico into the United States. 21 U.S.C.A. § 963. On appeal, they challenge the legality of a search which produced the incriminating marijuana. Defendants, however, lack standing to object to the evidence as the product of an illegal search.

> [T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure.

Brown v. United States, 411 U.S. 223, 229, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208 (1973).

The search in this case was of a van which the defendants neither owned nor possessed at the time of the search.

---

[*] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

They likewise neither owned nor possessed the 322 pounds of marijuana discovered therein.

Affirmed.